IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(Camden)

| | |
|---|---|
| RHONDA HAYES, as Executrix of the<br>ESTATE OF ROSE HAYES, deceased | CIVIL ACTION |
| Plaintiff | Docket No. |
| v. | |
| TOM TASSAKIS, M.D.<br>SOUTHERN GASTROENTEROLOGY<br>ASSOCIATES OF NEW JERSEY, L.L.C.<br>PARUL MEHTA, M.D.<br>HAVERFORD ANESTHESIA ASSOCIATES<br>- NJ, INC.<br>OAK & MAIN SURGICENTER, LLC<br>JOHN/JANE DOES, M.D. (I-X),<br>JOHN/JANE DOES, R.N./CRNA, (I-X),<br>JOHN/JANE DOES, INC. (I-X),<br>JANE/JOHN DOES, P.A. (I-X),<br>JOHN/JANE DOES PARTNERSHIP, (I-X)<br>and JOHN/JANE DOES INSTITUTION, (I-X) | COMPLAINT; DEMAND FOR JURY TRIAL;<br>DESIGNATION OF TRIAL COUNSEL;<br>CERTIFICATION PURSUANT TO R. 11;<br>and AFFIDAVIT OF MERIT<br><br>Electronically Filed |
| Defendants | |

## CIVIL COMPLAINT

Plaintiff, Rhonda Hayes, as Executrix of the Estate of Rose Hayes, Deceased, residing at 214 Santa Fe Trail #2057, Irving, TX 75063, by way of Complaint against the Defendants, sets forth the following:

## PARTIES

1.    At all times relevant hereto, plaintiff, Rhonda Hayes, Executrix of the Estate of Rose Hayes, Deceased, was and is a citizen of the State of Texas, residing at 214 Santa Fe Trail #2057, Irving, TX 75063.

2.    At all times relevant hereto, plaintiff's decedent, Rose Hayes, was a citizen and resident of the State of New Jersey, residing at 1511 Neptune Terrace, Vineland, NJ 08360.

3.      Rhonda Hayes was granted Letters Testamentary on behalf of her mother, decedent, Rose Hayes, by the Surrogate of Cumberland County on November 13, 2008.

4.      At all times material hereto, defendant, Tom Tassakis, M.D., was and/or is a physician duly licensed under the laws of the State of New Jersey, with a principal place of business and/or an office located at 1317 South Main Road, Suite 1C, Vineland, NJ 08360.

5.      At all times material hereto, defendant, Tom Tassakis, M.D., held himself out to the public as a competent and skillful physician and specialist in the field(s) of medicine known as gastroenterology.

6.      At all times material hereto, defendant, Southern Gastroenterology Associates of New Jersey, L.L.C., was and was and/or is a limited liability company, doing business as a gastroenterology group/medical practice,  under the laws of the State of New Jersey licensed to do business in the State of New Jersey, with an agent, Tom Tassakis, M.D., at  1317 South Main Road, Suite 1C, Vineland, NJ 08360 and a principal place of business located at 1005 Kings Highway, Swedesboro, NJ 08085.

7.      At all times material hereto, defendant, Parul Mehta, M.D., was and/or is a physician duly licensed under the laws of the State of New Jersey, with a principal place of business and/or an office located at 501 Front Street, Elmer, NJ  08318.

8.      At all times material hereto, defendant, Parul Mehta, M.D., held herself out to the public as a competent and skillful physician and specialist in the field(s) of medicine known as anesthesiology.

9.      At all times material hereto, defendant, Haverford Anesthesia Associates – NJ, Inc., was and was and/or is a corporation, doing business as an anesthesia group/medical practice,  under the laws of the State of New Jersey licensed to do business in the State of New Jersey, with an agent at Princeton Pike Corporate Center, 997 Lenox Drive, Building 3, Lawrenceville, NJ 08648 and a principal place of business located at 100 Witmer Road, Suite 200, Havertown, PA  19044.

10.     At all times material hereto, defendant, Oak & Main SurgiCenter, LLC, was and/or is a Limited Liability Company, doing business as a surgical center, under the laws of the State of New Jersey

2

licensed to do business in the State of New Jersey, with a principal place of business located at 907 North Main Street, Vineland, NJ 08360.

11.     At all times material hereto, defendants, Tom Tassakis, M.D. and Parul Mehta, M.D. acted either individually and/or acted by and through their employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said defendant and/or acted as employee, agent, servant and/or representative who was acting within the course and scope of their employment and on behalf of defendants, Tom Tassakis, M.D., Southern Gastroenterology Associates of New Jersey, L.L.C., Parul Mehta, M.D., Haverford Anesthesia Associates – NJ, Inc., Oak & Main SurgiCenter, LLC, and/or John/Jane Does.

12.     At all times material hereto, defendants, Tom Tassakis, M.D., Southern Gastroenterology Associates of New Jersey, L.L.C., Parul Mehta, M.D., Haverford Anesthesia Associates – NJ, Inc., Oak & Main SurgiCenter, LLC, and/or John/Jane Does, acted either individually and/or acted by and through its employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said defendants and/or acted as employees agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of the defendants, Tom Tassakis, M.D., Southern Gastroenterology Associates of New Jersey, L.L.C., Parul Mehta, M.D., Haverford Anesthesia Associates – NJ, Inc., Oak & Main SurgiCenter, LLC, and/or John/Jane Does.

13.     At all times material hereto, defendant, John/Jane Does, M.D. (I-X); John/Jane Does, R.N./CRNA (I-X); John/Jane Does, Inc. (I-X); John/Jane Does, P.A. (I-X); John/Jane Does Partnership (I-X); and John/Jane Does Institution, (I-X); (herein collectively referred to as "John/Jane Does"), were and/or are various fictitious and currently unidentified individuals, professional associations, partnerships, institutions or corporations who were involved in the medical care and treatment of plaintiff, Erin Bisirri. Plaintiffs pray leave of court to reasonably amend this complaint and name the true identities of the John/Jane Does if and when their true identities and roles in the within matter are ascertained by plaintiff through continued investigation and/or discovery.

14.     At all times material hereto, defendants, John/Jane Does, acted either individually and/or acted by and through their employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said defendants and/or acted as employees agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of the defendants, Tom Tassakis, M.D., Southern Gastroenterology Associates of New Jersey, L.L.C., Parul Mehta, M.D., Haverford Anesthesia Associates – NJ, Inc., Oak & Main SurgiCenter, LLC, and/or John/Jane Does.

## JURISDICTION AND VENUE

15.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of different States and the amount in controversy exceeds $150,000.00, exclusive of interest and costs.

16.     Venue in this action properly lies in the District of New Jersey pursuant to 28 U.S.C. §§ 1391 (a) and (c), as a substantial number of the events, actions or omissions giving rise to Plaintiff's claims occurred in this District. At all times material hereto, Defendants conducted substantial business in this District.

## FACTS MATERIAL TO ALL COUNTS

17.     At all times material hereto, plaintiff's decedent, Rose Hayes, came under the medical care and treatment of defendants, Tom Tassakis, M.D., Southern Gastroenterology Associates of New Jersey, L.L.C., Parul Mehta, M.D., Haverford Anesthesia Associates – NJ, Inc., Oak & Main SurgiCenter, LLC, and/or John/Jane Does.

18.     On or about September 5, 2008, plaintiff's decedent, Rose Hayes, came under the treatment and care of defendants, Tom Tassakis, M.D., Southern Gastroenterology Associates of New Jersey, L.L.C., Parul Mehta, M.D., Haverford Anesthesia Associates – NJ, Inc., Oak & Main SurgiCenter, LLC, and/or John/Jane Does, for an esophagogastroduodenoscopy (EGD) procedure at Oak & Main Surgicenter in Vineland, NJ.

4

19.     During and/or following the procedure, plaintiff's decedent, Rose Hayes, destabilized and suffered cardiopulmonary arrest.

20.     Plaintiff's decedent suffered an anoxic brain injury, and on or about September 27, 2008, Rose Hayes, died.

## COUNT I – WRONGFUL DEATH
### (Against All Defendants)

21.     Plaintiff, Rhonda Hayes, as Executrix of the Estate of Rose Hayes, deceased, incorporates by reference the preceding paragraphs as though same were herein set forth at length.

22.     Notwithstanding the duties imposed upon the Defendants named herein, acting as aforesaid, and knowing full and well their respective duties to Plaintiff's decedent, Rose Hayes, the Defendants did act individually, jointly, severally, and/or in the alternative, in a negligent, reckless and/or careless manner in, inter alia:

a.     failing to properly monitor plaintiff's condition during and after the EGD;

b.     failing to administer proper therapy to address plaintiff's condition during and after the EGD;

c.     failing to timely stop the EGD procedure when plaintiff's decedent destabilized;

d.     failing to administer therapy to immediately address plaintiff's decedent's condition;

e.     failing to timely, properly, carefully and/or adequately administer medications and medical modalities to Rose Hayes.;

f.     failing to properly, carefully and/or adequately monitor Rose Hayes;

g.     failure to timely and/or properly diagnose, treat and/or manage Rose Hayes' vital signs and condition;

h.     failing to recognize, identify and/or treat Rose Hayes' respiratory failure/arrest;

i.     failing to prevent Rose Hayes' cardiac arrest;

j.     allowing Rose Hayes to continue through the procedure after she destabilized;

k.     failure to document/record vital signs;

l.   failure to properly document in the medical record;

m.   failure to timely and appropriately provide resuscitation efforts/life saving measures to the patient;

n.   failing to provide appropriate amounts of medicinal therapy to treat Rose Hayes' cardiac arrest;

o.   failing to use the required amount of care and/or skill in the performance and administration of medications, medicines, medical procedures, surgical procedures, monitoring and/or medical treatment;

p.   failing to timely, properly, continually and/or adequately diagnose the condition and/or distress of Rose Hayes;

q.   performing incorrect, unnecessary and/or improper treatment, care and/or procedures upon the person of Rose Hayes;

r.   permitting the EGD to continue despite Rose Hayes' deteriorating condition;

s.   failing to promulgate, abide by and/or enforce applicable rules, guidelines and/or regulations under the circumstances;

t.   failing to exercise proper skill, diligence and/or due care and caution under all of the circumstances and/or in light of the respective Defendant's specialties and/or expertise;

u.   acting without proper and due regard for the rights and safety of Rose Hayes;

v.   failing to properly and/or continuously review and/or monitor Plaintiff Rose Hayes' condition;

w.   improperly permitting unskilled, incapable and/or untrained doctors, nurses, residents, interns, pharmacists and/or other agents, workers, servants and/or employees to treat and/or provide medical care to Rose Hayes;

x.   failing to and/or improperly monitoring the qualifications of all doctors, nurses, residents, interns, pharmacists and/or other agents, workers, servants and/or employees responsible for treating and/or providing medical care to Rose Hayes;

y.   being otherwise negligent, careless and/or reckless under the circumstances as may be found through the course of discovery or at the time of trial; and/or

z.   doing any and/or all of the above acts and/or omissions thereby subjecting Rose Hayes to a substantially increased risk of harm.

23.   As a proximate result of Defendants' negligence, recklessness and/or carelessness, the decedent's surviving mother and children have lost the care, companionship, services and guidance of

6

their daughter and mother.

24.     As a result of the above-described acts and omissions of the Defendants, acting as aforesaid, Plaintiff's decedent, Rose Hayes suffered a wrongful death with pecuniary losses to her dependents, heirs-at-law and/or next-of-kin, who also sustained other damages and losses.

25.     Plaintiff, Rhonda Hayes, as Executrix of the Estate of Rose Hayes, deceased, brings this action on behalf of the survivors of the decedent under and by virtue of N.J.S.A. §2A:31-1 *et seq.*, Death by Wrongful Act (known as the "Wrongful Death Act").

WHEREFORE, Plaintiff, Rhonda Hayes, as Executrix of the Estate of Rose Hayes, deceased, demands judgment against the Defendants individually, jointly, severally and/or in the alternative, for compensatory damages, cost of suit, interest, and attorneys fees, and other further relief as the Court may deem just and proper.

## COUNT II - SURVIVAL ACTION
### (Against All Defendants)

26.     Plaintiff, Rhonda Hayes, as Executrix of the Estate of Rose Hayes, deceased, incorporates by reference the preceding paragraphs as though same were herein set forth at length.

27.     Plaintiff, Rhonda Hayes, as Executrix of the Estate of Rose Hayes, deceased, also brings this action on behalf of the Estate of Rose Hayes under and by virtue of the New Jersey Statute Annotated, N.J.S.A. 2A: 15-3 (known as the New Jersey Survival Act and/or Executors and Administrators Act).

28.     As the direct and proximate result of Defendants' aforesaid acts and omissions, Plaintiff's decedent, Rose Hayes was caused to suffer severe and serious injuries to and about her person which led to her death on September 27, 2008.

29.     By reason of the injuries as aforesaid, Plaintiff's decedent, Rose Hayes, was hindered from attending to her normal and usual daily activities, duties, functions and occupations, resulting in her loss of earnings and diminished earning capacity, all to her great damage and loss.

30.     As a further result, Plaintiff's decedent, Rose Hayes, has suffered great inconvenience,

humiliation, conscious pain and suffering and psychological pain, and was deprived of life's pleasures up to and until the time of her death.

31.    By reason of the injuries as aforesaid, Plaintiff's decedent, Rose Hayes, was required to expend various sums of money for medicine and medical treatment in or about endeavoring to treat and cure himself of her injuries and disabilities, all to her great damage and loss.

32.    As a result of the Defendants' negligence, recklessness and/or carelessness which have been more fully described previously herein, the Estate of Rose Hayes, deceased, was required to expend hospital, medical and funeral expenses in and about endeavoring to treat and care for Plaintiff's decedent, all to its great damage and loss.

WHEREFORE, Plaintiff, Rhonda Hayes, as Executrix of the Estate of Rose Hayes, deceased, demands judgment against the Defendants individually, jointly, severally and/or in the alternative, for compensatory damages, cost of suit, interest, and attorneys fees, and other further relief as the Court may deem just and proper.

**DATED:**
8/30/10

**Respectfully submitted,**

**Mark S. Levy, Esquire**
*(levy@levybaldante.com)*
**Theresa S. Corson, Esquire**
*(tcorson@levybalante.com)*
**LEVY BALDANTE FINNEY RUBENSTEIN COHEN & CHIZMAR, P.C.**
**100 High Street – Suite 101**
**Mount Holly, New Jersey 08060**
**Telephone: 1800-601-1616**
**Facsimile: (215) 545-2642**

8

**JURY TRIAL DEMANDED**

With the filing of this Complaint, Plaintiff demands a jury trial on all claims so triable, as provided by Rule 34(b) of the Federal Rules of Civil Procedure.

**LEVY, BALDANTE, FINNEY,
RUBENSTEIN, COHEN & CHIZMAR, P.C.**

By: _____
Mark S. Levy, Esquire
Theresa S. Corson, Esquire
Attorney for Plaintiff

**CERTIFICATION**

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**LEVY, BALDANTE, FINNEY,
RUBENSTEIN, COHEN & CHIZMAR, P.C.**

By: _____
Mark S. Levy, Esquire
Theresa S. Corson, Esquire
Attorney for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

PLEASE BE NOTIFIED that Mark S. Levy, Esquire is hereby designated as trial counsel in the aforementioned litigation on behalf of the law firm of Levy, Baldante, Finney, Rubenstein, Cohen & Chizmar, P.C.

LEVY, BALDANTE, FINNEY,
RUBENSTEIN, COHEN & CHIZMAR, P.C.

By: _____
Mark S. Levy, Esquire
Theresa S. Corson, Esquire
Attorney for Plaintiff

## CERTIFICATION PURSUANT TO RULE 11

The matter in controversy in this case is not subject to any other action pending in any Court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

LEVY, BALDANTE, FINNEY,
RUBENSTEIN, COHEN & CHIZMAR, P.C.

By: _____
Mark S. Levy, Esquire
Theresa S. Corson, Esquire
Attorney for Plaintiff